## ERICKSON v. SOCIAL SECURITY BOARD et al.

District Court, S. D. New York.

Nov. 6, 1943.

Frank Delaney, of New York City, for plaintiff.

Francis M. Shea, Asst. Atty. Gen., James B. M. McNally, U. S. Atty., of New York City, Earle N. Bishopp, Asst. U. S. Atty., of Brooklyn, N. Y., and Joseph A. Fanelli and Alfred S. Berg, Attys., Department of Justice, both of Washington, D. C., for defendants.

GODDARD, District Judge.

Motion by defendants for summary judgment.

The action is brought by the widow of one Eric J. Erickson pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review the final decision of the Social Security Board and to recover the sum of $40.50 claimed to be due to plaintiff under the act.

The question presented is whether the Social Security Board correctly applied the Social Security Act amendment of 1939, 42 U.S.C.A. § 401 et seq., in computing the "average monthly wage" of the deceased wage-earner.

The primary insurance benefit and the lump-sum death payment awarded to the plaintiff by the Board for which plaintiff filed application are based on that computation.

There is no dispute as to the facts. Erickson, who had been for many years the captain of a tug-boat operating in and around New York Harbor, was severely burned in a fire in February, 1942, losing time and wages during the first and second quarters of that year, returning to work during the second quarter, but died on July 23rd of that year. Up to this time and for a number of years he had been earning in excess of $3,000 per annum, the maximum amount allowable under the act. He was born in 1871 so was over sixty-five years of age on January 1, 1937, and under the act, as it then existed, he was not covered. But the amended act, which went into effect January 1, 1940, included his employment. Employment under the act is defined as specifically excluding "service performed by an individual after he attained the age of sixty-five if performed prior to January 1, 1939." Section 409(b). Therefore his earnings for 1937 and 1938 may not be included in computing his average monthly wage. (Section 409(f)—excluding wages paid "after the quarter in which he attained age sixty-five, occurring prior to 1939"). He had earned at least $3,000 per annum for the years 1940 and 1941, and $550.08 in the first quarter and $1,116.45 in the second quarter of 1942. This total of $7,666.53 was used by the Board in determining the amount due as lump-sum death payment and the primary insurance, based

upon the average monthly wage. It is claimed by plaintiff that the 1939 earnings of $3,000 should have been included, making a total of $10,666.53.

The method of computation is provided for by Section 209(f), 42 U.S.C.A. Section 409(f), which states—"(f) The term 'average monthly wage' means the quotient obtained by dividing the total wages paid an individual before the quarter in which he died or became entitled to receive primary insurance benefits, whichever first occurred, by three times the number of quarters elapsing after 1936 and before such quarter in which he died or became so entitled, excluding any quarter prior to the quarter in which he attained the age of twenty-two during which he was paid less than $50 of wages and any quarter, after the quarter in which he attained age sixty-five, occurring prior to 1939".

The Board in arriving at the total wage excluded the earnings of 1939, but included the elapsed quarters of that year, thus finding his average monthly wage $182.54 instead of $250 per month. If the average wage of $250 per month had been adopted, it would result in a primary insurance benefit of $41, and plaintiff's lump-sum death payment of $246, instead of the Board's finding of a primary insurance benefit of $34.25 and the lump-sum death payment of $205.50. A difference of $40.50 between the lump-sum death payment figures derived from the contested amounts is the subject of this action.

Plaintiff claims that it is error to include the "elapsed quarters" of 1939 and to exclude the wages earned during that period.

It seems to me that Section 209(f) may not reasonably be interpreted as including only those wages earned while the wage-earner was subject to the act if the elapsed quarters are not also thus limited.

The Social Security Board has promulgated regulations and in Regulation No. 3, Section 403.302, defining terms, the "Average Monthly Wage" is "computed by dividing his 'total wages by three times' the number of his 'expired quarters' ". " 'Expired quarters' means the number of calendar quarters elapsing after 1936 and before the quarter in which the individual died * * * excluding * * * (b) any quarter after the quarter in which he attained the age of sixty-five occurring prior to 1939", and " 'Total Wages' means all the wages paid to the individual before the quarter in which he died, but remuneration for services performed by such individual after he attained the age of sixty-five, and prior to January 1, 1939, is excluded, since such remuneration is not wages under Section 209(a) of the Act". It seems that even under the Board's definition of Section 209(f) the wages earned from January 1, 1939, should have been included in the computation. For the reason stated, therefore, defendants' motion for summary judgment should be denied.

Motion denied. Settle order on notice.