## ERICKSON v. SOCIAL SECURITY BOARD.

### No. 294.

Circuit Court of Appeals, Second Circuit.

May 7, 1945.

Earle N. Bishopp, Asst. U. S. Atty., of Brooklyn, N. Y. (John F. X. McGohey, U. S. Atty., of New York City, Francis M. Shea, Asst. Atty. Gen., Arnold Levy, Sp. Asst. to Atty. Gen., and Alfred S. Berg and John P. Frank, Attys., Dept. of Jus-

tice, both of Washington, D. C., on the brief), for defendant-appellant.

John F. Loehr, of New York City (Frank Delaney, of New York City, on the brief), for plaintiff-appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Plaintiff, the widow of a tugboat captain, sues under § 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), to review a final decision of the Social Security Board which had determined her widow's benefits under the Act to be less than as she had contended. She also seeks recovery of an additional sum of $40.50 as immediately due her under her interpretation of the law. The District Court denied the Board's motion for summary judgment in an opinion sustaining plaintiff's contention, 52 F.Supp. 424, and thereafter rendered judgment reversing the Board's order and directing the Board to recompute the payment due accordingly. The case involves the interpretation of §§ 209(a, b, e, f) of the Social Security Act, 42 U.S.C.A. §§ 409 (a, b, e, f), and of Regulation No. 3, 20 CFR, 1940 Supp., 403.-302; and the Board's appeal challenges the interpretation made below.

The deceased wage earner was born on April 27, 1871, and had been employed for many years in the New York Harbor area until his death July 23, 1942. But when the Social Security Act of 1935 became effective on January 1, 1937, he was not within the coverage of the Act because of his age (in excess of 65 years) and his occupation. Social Security Act of 1935, §§ 210(b) (4) and (c) (3), 49 Stat. 625; Regulation No. 3, 20 CFR, 1940 Supp., 403.802. Hence no social security taxes were paid on account of his earnings until January 1, 1940, when the Amendments of 1939 covering his employment became effective.

After Mr. Erickson's death, plaintiff filed an application under the amended Act, 42 U.S.C.A. § 402(g), for a lump-sum death payment. This lump-sum death payment is a sum equalling six times the so-called "primary insurance benefit." The "primary insurance benefit," in turn, requires a computation of the deceased's "average monthly wage";[1] and it is the method of making this last calculation which is the issue in this case. The Bureau of Old-Age and Survivors Insurance of the Social Security Board calculated the deceased's "average monthly wage" by dividing his earnings for 1940, 1941, and the first two quarters of 1942 (the years during which social security taxes were paid for his account) totalling $7,666.53 by 42 (three times the number of quarters elapsing between January 1, 1939, and June 30, 1942). This calculation yielded an average monthly wage of $182.54, and a primary insurance benefit of $34.25; and plaintiff's lump-sum death payment was thus determined to come to $205.50. The referee and the Social Security Appeals Council affirmed this computation. But the District Court upheld plaintiff's contention that deceased's remuneration received during 1939 should have been added to his total wages, even though no tax had been paid on account of it, if the 1939 quarters were included in the divisor, in order to arrive at a true average wage.

 Even though this may be the correct method for calculating a "true" average wage, the District Court erred in

---

[1] § 409(e). The term "primary insurance benefit" means an amount equal to the sum of the following—

(1) (A) 40 per centum of the amount of an individual's average monthly wage if such average monthly wage does not exceed $50, or (B) if such average monthly wage exceeds $50, 40 per centum of $50, plus 10 per centum of the amount by which such average monthly wage exceeds $50 and does not exceed $250, and

(2) an amount equal to 1 per centum of the amount computed under paragraph (1) multiplied by the number of years in which $200 or more of wages were paid to such individual. Where the primary insurance benefit thus computed is less than $10, such benefit shall be $10.

§ 409(f). The term "average monthly wage" means the quotient obtained by dividing the total wages paid an individual before the quarter in which he died or became entitled to receive primary insurance benefits, whichever first occurred, by three times the number of quarters elapsing after 1936 and before such quarter in which he died or became so entitled, excluding any quarter prior to the quarter in which he attained the age of twenty-two during which he was paid less than $50 of wages and any quarter, after the quarter in which he attained age sixty-five, occurring prior to 1939.

concluding that that is what was required by the statute and Regulations. For these give a very definite meaning to the term "average monthly wage" as therein used, a meaning which is in full accord with the Bureau's method of computation. Under the statute such wage can only be the quotient obtained by dividing the individual's total wages to the quarter in which he died by three times the number of quarters elapsing after 1936 until the quarter of his death, but excluding any quarter after the quarter in which he attained the age of sixty-five, occurring prior to 1939. 42 U.S.C.A. § 409(f), quoted note 1, supra; Regulation No. 3, 20 CFR, 1940 Supp., 403.302. This means simply that all quarters subsequent to January 1, 1939, must be included in the divisor, thus yielding 14, which, multiplied by 3, gives the figure of 42 used by the Board. As to the dividend of "total wages," while the steps are more, yet the result seems just as determined by the statute. Thus "wages" is defined in 42 U.S.C.A. § 409(a) as remuneration for "employment"; and "employment," in turn, is defined in the amended Act, § 409(b), as those services performed prior to January 1, 1940, which were employment under the original Act, plus "any service, of whatever nature, performed after December 31, 1939, * * * on or in connection with an American vessel under a contract of service which is entered into within the United States." Thus the deceased was not engaged in "employment," and was therefore not paid "wages" within the meaning of the Act, until after December 31, 1939. The Board therefore properly used his earnings from 1940 until the quarter of his death as the dividend.

The District Court, however, relied on Regulation No. 3, as defining "total wages" in more general terms. But that Regulation, while perhaps not too happily expressed, seems clearly intended not to include the special case of employees not covered under the employment provisions of the Act until after December 31, 1939.[2] Certainly such an interpretation is more reasonable than one which would construe the term "total wages" in the regulation at variance with the statutory definition thereof, thereby throwing doubt on the validity of the regulation. Plaintiff asserts further that the Act should be construed liberally, rather than literally, and hence that this Regulation, as she views it, is the true embodiment of Congressional intent. But the legislative history is against her. It shows that in the 1939 amendments Congress had in mind the disproportionate benefits per contributions made which had theretofore been available to late comers under the Act, as compared to the receipts of those continuously under it. To make a fairer distribution, as well as to keep outgo more commensurate with income to the fund, Congress therefore intended the hidden decrement to the share of such late comers who had not paid taxes throughout the Act's life which would result in maintaining in its average monthly wage formula a divisor always weighted to include all quarters not specifically excluded, even though for periods not included in the wage receipts of the dividend.[3] Thus to expand the dividend equally with the divisor, as was done below, would defeat the very intent of the particular legislation. The motion for summary judgment should have been granted.

Reversed for judgment for defendant.

---

[2] "§ 403.302. Average monthly wage. An individual's 'average monthly wage' is computed by dividing his total wages by three times the number of his expired quarters. * * *

" 'Total wages' means all the wages paid to the individual before the quarter in which he died or became entitled to primary insurance benefits, whichever first occurred. (All wages paid for services performed before such individual attained the age of 22 are included in this total, but remuneration for services performed by such individual after he attained the age of 65, and prior to January 1, 1939, is excluded, since such remuneration is not wages under section 209(a) of the Act (see §§ 403.802 and 403.827).)"

That this regulation deals only with the general cases of § 209(a), 42 U.S.C.A. § 409(a), is shown by the latter regulations to which it makes specific reference; § 403.802 in particular defines wages in employments not covered by the Act until 1940 and shows that Captain Erickson's occupation was not employment until that time.

[3] As Chairman Altmeyer stated to the House Ways and Means Committee, "The effect of taking the whole period of time as a divisor is to reduce the average wage of those who come late in the system." Hearings relative to Social Security Act Amendments of 1939, 76th Cong., 1st Sess., vol. 3, p. 2216.